IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

STATESBORO DIVISION

| | | |
|---|---|---|
| ERIC OBRIEN JOHNSON,<br><br>Plaintiff,<br><br>v.<br><br>TREVONZA BOBBITT, Warden;<br>WANADA SHARP, Unit Manager;<br>CHOVAKA JOHNSON, Unit Manager;<br>DR. OCHIPINTI; and MS. JONES,<br>Medical Administrator,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | CV 621-022 |

**O R D E R**

Plaintiff, incarcerated at Georgia State Prison ("GSP") in Reidsville, Georgia, is proceeding *pro se* and *in forma pauperis* ("IFP") in this case brought pursuant to 42 U.S.C. § 1983. Because he is proceeding IFP, Plaintiff's pleadings must be screened to protect potential defendants. Phillips v. Mashburn, 746 F.2d 782, 785 (11th Cir. 1984) (*per curiam*); Al-Amin v. Donald, 165 F. App'x 733, 736 (11th Cir. 2006) (*per curiam*). The Court affords a liberal construction to a *pro se* litigant's pleadings, holding them to a more lenient standard than those drafted by an attorney, Erickson v. Pardus, 551 U.S. 89, 94 (2007), but the Court may dismiss the complaint or any portion thereof if it is frivolous, malicious, or fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune to such relief. See 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b).

Upon initial screening, the Court determined Plaintiff's complaint contained a

plethora of unrelated claims in violation of Fed. R. Civ. P. 20 and directed Plaintiff to file an amended complaint raising only the related claims he wanted to pursue in this case. (See doc. no. 10.) Upon review of the amended pleading, (doc. no. 12), and Plaintiff's prior history of case filings, the Court concludes Plaintiff shall have fourteen days from the date of this order to show cause why the case should not be dismissed as a sanction for providing false information.

## I. BACKGROUND

A prisoner attempting to proceed IFP in a civil action in federal court must comply with the mandates of the Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321 (1996). 28 U.S.C. § 1915(g) of the PLRA provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

"This provision of the PLRA, commonly known as the three strikes provision, requires frequent filer prisoners to prepay the entire filing fee before federal courts may consider their lawsuits and appeals." Rivera v. Allin, 144 F.3d 719, 723 (11th Cir. 1998) (internal citations omitted), *abrogated on other grounds by* Jones v. Bock, 549 U.S. 199 (2007); see also Lomax v. Ortiz-Marquez, 140 S. Ct. 1721, 1726 (U.S. 2020) ("The point of the PLRA, as its terms show, was to cabin not only abusive but also simply meritless prisoner suits."). The Eleventh Circuit has upheld the constitutionality of § 1915(g) because it does not violate an inmate's right to access the courts, the doctrine of separation of powers, an inmate's right to

due process of law, or an inmate's right to equal protection. Rivera, 144 F.3d at 721-27.

To that end, the "Complaint for Violation of Civil Rights (Prisoner Complaint)" requires that prisoner plaintiffs disclose: (1) whether they have begun other lawsuits in state or federal court dealing with the same facts involved in the current action, (2) whether they have filed other lawsuits in state or federal court otherwise relating to the conditions of their imprisonment, and (3) the disposition of any such lawsuits. (Doc. no. 12, pp. 14-15.) The questions concerning prior lawsuits require the prisoner plaintiff to describe each such lawsuit, including the court hearing the case, and the date of filing and disposition. (Id.) If there is more than one such lawsuit, the additional lawsuits must be described on another piece of paper. (Id.)

## II. DISCUSSION

### A. Rule 11 Sanctions Are Warranted

Here, pursuant to Federal Rule of Civil Procedure 11, Plaintiff certified he has filed two cases in the Middle District of Georgia and another "unknown" case, and in the space reserved for describing each lawsuit - with the particular instruction to use additional pages if there is more than one lawsuit - Plaintiff simply wrote the parties were "unknown" and drew an arrow to the words "Summary judgment in favor of defendants." (Id. at 13-15.) Plaintiff further certified he has never filed other lawsuits in state or federal court dealing with the same facts involved in this action. (Id. at 13-14.) However, the Court is aware Plaintiff has previously filed a lawsuit in the Middle District of Georgia about his dissatisfaction with his placement at a the Tier II program at Valdosta State Prison, a statewide program used by the Georgia Department of Corrections about which he complains in this case, as well as alleged

retaliation. See Johnson v. Jacobs, 7:2015cv00055 (M.D. Ga. Apr. 8, 2015). Plaintiff also filed a complaint in the Northern District of Georgia complaining about his placement in the Tier II program at Hays State Prison and alleging retaliation by correctional officers. See Johnson v. Crickmar, 4:14cv00259 (N.D. Ga. Oct. 16, 2014). Plaintiff's filing history thus reveals a pattern of complaining about his placement in the Tier II program and then alleging retaliation by prison officials. Thus, while the facts may not be exactly the same because of the different prison locations, Plaintiff has clearly filed multiple previous cases with the same fact pattern as that raised in this case concerning his dissatisfaction with his placement in the Tier II program at GSP and alleged retaliation by prison officials.

Also, the Court is aware of multiple other cases Plaintiff has previously filed, but did not disclose, which did not end in summary judgment being granted in favor of defendants. For example, in Johnson v. Jacobs, *supra*, the case not only raised complaints about placement in Tier II and retaliation, but that case was dismissed as a sanction because Plaintiff did not truthfully disclose his prior filing history. Likewise, Plaintiff voluntarily dismissed Johnson v. Jacobs, 7:2016cv00210 (M.D. Ga. Nov. 10, 2016), and Johnson v. Ivey, 5:2015cv00413 (M.D. Ga. Nov. 2, 2015) - raising allegations of excessive force, a falsified disciplinary report, conspiracy, and retaliation - was dismissed for failure to state a claim.[1] Finally, although one of the cases listed on the Exhibit attached to this Order was a

[1]The retaliation claim was dismissed as barred by the doctrine of *res judicata* because the same claim had previously been raised and decided adversely to Plaintiff at summary judgment. Johnson v. Ivey, 5:2015cv00413, doc. no. 5, pp. 7-8. As discussed in more detail, *infra*, this is a prime example of the importance of providing complete and truthful information about prior filing history.

habeas corpus case not required by the form to be disclosed, Johnson v. Walker, 4:2002cv00025 (M.D. Ga. Feb. 20, 2002), Plaintiff has clearly filed more than the three lawsuits he disclosed.[2] Given the number of lawsuits not mentioned, the fact that Plaintiff has had a previous lawsuit dismissed for failing to truthfully disclose his prior filing history, and Plaintiff's recognition of the importance of prior filing history as evidenced by his request for a list of prior cases, (see attached Exhibit), the Court cannot find Plaintiff's dishonest disclosure in this case was an accident or oversight.

Federal Rule of Civil Procedure 11(c) allows the Court to impose sanctions, including dismissal, for "knowingly fil[ing] a pleading that contains false contentions." Redmon v. Lake Cnty. Sheriff's Office, 414 F. App'x 221, 225 (11th Cir. 2011) (*per curiam*). The practice of dismissing a case as a sanction for providing false information about prior filing history is also well established in the Southern District of Georgia. See, e.g., Brown v. Wright, CV 111-044 (S.D. Ga. June 17, 2011); Hood v. Tompkins, CV 605-094 (S.D. Ga. Oct. 31, 2005), *aff'd*, 197 F. App'x 818 (11th Cir. 2006) (*per curiam*). Moreover, it is an abuse of the judicial process - and worthy of a strike under § 1915(g) - if a prisoner plaintiff fails to disclose his prior litigation history on a complaint form unambiguously requiring such disclosure. Jackson v. Fla. Dep't of Corr, 491 F. App'x 129, 132-33 (11th Cir. 2012) (*per curiam*).

---

[2]The attached Exhibit was obtained from the docket in Johnson v. Jacobs, 7:2015cv00055, doc. no. 9 (M.D. Ga. Oct. 31, 2016), wherein Plaintiff submitted a Freedom of Information/Privacy Act Request.

Indeed, prior filing history is highly relevant - and no minor omission when not disclosed:

> The inquiry concerning a prisoner's prior lawsuits is not a matter of idle curiosity, nor is it an effort to raise meaningless obstacles to a prisoner's access to the courts. Rather, the existence of prior litigation initiated by a prisoner is required in order for the Court to apply 28 U.S.C. § 1915(g) (the "three strikes rule" applicable to prisoners proceeding *in forma pauperis*).

Martin v. West, CV 616-118, 2016 WL 4771089, at *3 (S.D. Ga. Sept. 12, 2016) (citing Brown v. Saintavil, No. 2:14-CV-599, 2014 WL 5780180, at *3 (M.D. Fla. Nov. 5, 2014)), *adopted by* 2016 WL 6246879 (S.D. Ga. Oct. 24, 2016). The information is also necessary for the Court to determine whether a prisoner's claims are related to other pending claims or have already been decided. Williams v. Wiggins, No. 6:09-cv-943, 2010 WL 4983665, at *2-3 (M.D. Fla. Dec. 2, 2010).

The law is well-settled, "[O]nce a *pro se* IFP litigant is in court, he is subject to the relevant law and rules of court, including the Federal Rules of Civil Procedure. These rules provide for sanctions for misconduct and for failure to comply with Court orders." Moon v. Newsome, 863 F.2d 835, 837 (11th Cir. 1989). Plaintiff did not follow the rules when he failed to completely and truthfully answer the clear, unambiguous questions on the complaint form. "A sanction less than dismissal would signal that a failure to disclose filings is an infraction without consequence. It would invite other prisoners to omit their litigation history, thus draining the judicial system's time and resources." Strickland v. United States, 739 F. App'x 587, 588 (11th Cir. 2018) (*per curiam*).

In light of Plaintiff's failure to provided truthful information in the amended complaint, and in accordance with the Eleventh Circuit's recognition of the importance of

truthful disclosures by litigants, this case should be dismissed without prejudice as a sanction for abusing the judicial process. See Rivera, 144 F.3d at 731; see also Strickland, 739 F. App'x at 587 (affirming dismissal of complaint based on failure to disclose eight habeas petitions filed in district court); Sears v. Haas, 509 F. App'x 935, 936 (11th Cir. 2013) (*per curiam*) (affirming dismissal of complaint where prisoner plaintiff failed to accurately disclose previous litigation); Redmon, 414 F. App'x at 226 (affirming dismissal, after directing service of process, of amended complaint raising claims that included denial of proper medical care and cruel and unusual punishment for placement in a "restraint chair" and thirty-seven days of solitary confinement upon discovering prisoner plaintiff failed to disclose one prior federal lawsuit); Young v. Sec'y Fla. for Dep't of Corr., 380 F. App'x 939, 940-41 (11th Cir. 2010) (*per curiam*) (affirming dismissal of third amended complaint based on a plaintiff's failure to disclose prior cases on the court's complaint form); Alexander v. Salvador, No. 5:12cv15, 2012 WL 1538368 (N.D. Fla. Mar. 21, 2012) (dismissing case alleging deliberate indifference to serious medical needs where plaintiff failed to disclose new case commenced in interim between filing original complaint and second amended complaint), *adopted by* Alexander v. Salvador, No. 5:12cv15, 2012 WL 1538336 (N.D. Fla. May 2, 2012).

As Rule 11 requires the Court to give notice and an opportunity to be heard before imposing sanctions, Plaintiff shall have fourteen days from the date of this order to show cause why the case should not be dismissed as a sanction for providing false information. See Mitchell v. Nobles, 873 F.3d 869, 875 (11th Cir. 2017) (requiring notice and opportunity

to be heard before imposing Rule 11 sanctions). If no timely response is received, the case will be dismissed without prejudice.

**B. Motion for Injunctive Relief**

Plaintiff also filed a "Memorandum of Law in Support of Plaintiff's Motion for a Temporary Restraining Order and Preliminary Injunction," in which he restates the allegations of his amended complaint and asks for an immediate transfer to a different prison. (Doc. no. 13.) A party moving for injunctive relief must show the following: "(1) substantial likelihood of success on the merits; (2) irreparable injury will be suffered unless the injunction issues; (3) the threatened injury to the movant outweighs whatever damage the proposed injunction may cause the opposing party; and (4) if issued, the injunction would not be adverse to the public interest." McDonald's Corp. v. Robertson, 147 F.3d 1301, 1306 (11th Cir. 1998) (citing All Care Nursing Serv., Inc. v. Bethesda Mem'l Hosp., Inc., 887 F.2d 1535, 1537 (11th Cir. 1989)). "A preliminary injunction is an extraordinary and drastic remedy not to be granted unless the movant clearly establishes the 'burden of persuasion' as to the four requisites." All Care Nursing Serv., Inc., 887 F.2d at 1537 (citing United States v. Jefferson Cnty., 720 F.2d 1511, 1519 (11th Cir. 1983)).

Plaintiff has not met his burden of persuasion on all four requisites for obtaining injunctive relief. First, because this case is due to be dismissed as a sanction for Plaintiff's abuse of the judicial process, he cannot show a substantial likelihood of success on the merits. Moreover, as service of process has not been effected on any Defendant and no discovery has been exchanged, the record contains only Plaintiff's unsubstantiated allegations that cannot meet the high hurdle of showing a likelihood of success on the merits.

Second, Plaintiff has not shown that he will be irreparably harmed if the injunction does not issue. In order to satisfy the irreparable injury requirement, Plaintiff must show that the threat of injury is "neither remote nor speculative, but actual and imminent." Northeastern Fla. Chapter of Ass'n of General Contractors of Am. v. City of Jacksonville, Fla., 896 F.2d 1283, 1285 (11th Cir. 1990) (quoting Tucker Anthony Realty Corp. v. Schlesinger, 888 F.2d 969, 973 (2d Cir. 1989)); see also Church v. City of Huntsville, 30 F.3d 1332, 1337 (11th Cir. 1994) (noting that, in order to obtain injunctive relief, a plaintiff must show "a real and immediate – as opposed to a merely conjectural or hypothetical – threat of future injury."). As explained above, Plaintiff offers only unsubstantiated allegations of the circumstances of his incarceration at GSP, an insufficient basis for the Court to find he would suffer irreparable injury if the injunction is not granted.

Plaintiff also completely fails to satisfy the third and fourth prongs regarding the threatened injury to him outweighing whatever damage the proposed injunction may cause the opposing party and whether if issued, the injunction would be adverse to the public interest. Simply put, the law is well settled that federal courts should refrain from unwarranted interference in the day-to-day operations of prisons. See Bell v. Wolfish, 441 U.S. 520, 547 (1979). Thus, under the circumstances presented by this case, the Court will not insert itself into the decision-making process of where to house a state prisoner. To the extent Plaintiff's motion could be interpreted as a request that prison officials be ordered not to retaliate against him, it is clearly established that retaliating against an inmate for filing a grievance or lawsuit is unconstitutional. See Williams v. Brown, 347 F. App'x 429, 435-36 (11th Cir. 2009) (*per curiam*); Wright v. Newsome, 795 F.2d 964, 968 (11th Cir. 1986) (*per curiam*). Thus, a

request for an order prohibiting any prison official from retaliating against Plaintiff would serve little purpose, as it would amount to nothing more than an instruction to "obey the law" — a duty already in place. See Burton v. City of Belle Glade, 178 F.3d 1175, 1201 (11th Cir. 1999) (refusing to issue order which would amount to broad instruction to simply "obey the law").

Failure to satisfy any one of the four prerequisites for injunctive relief is fatal to Plaintiff's motion. See Jefferson Cnty., 720 F. 2d at 1519. As discussed above, unsubstantiated allegations and conclusory assertions do not meet his burden on all four prongs. In sum, the motion is a restatement of part of the ultimate relief sought by this lawsuit, in essence, an attempt to leapfrog the litigation process and have the Court grant the relief requested without hearing from the opposition. The Court declines to do so and therefore **DENIES** the motion for injunctive relief.

## III. CONCLUSION

Plaintiff shall have fourteen days from the date of this order to show cause why the case should not be dismissed under Rule 11 as a sanction for providing false information. If no timely response is received, the case will be dismissed without prejudice. The Court **DENIES** the motion for injunctive relief. (Doc. no. 13.)

SO ORDERED this 5th day of May, 2021, at Augusta, Georgia.

BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA