IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

STATESBORO DIVISION

| | | |
|---|---|---|
| ERIC OBRIEN JOHNSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 621-022 |
| | ) | |
| TREVONZA BOBBITT, Warden; | ) | |
| WANADA SHARP, Unit Manager; | ) | |
| CHOVAKA JOHNSON, Unit Manager; | ) | |
| DR. OCHIPINTI; and MS. JONES, | ) | |
| Medical Administrator, | ) | |
| | ) | |
| Defendants. | ) | |

**O R D E R**

Plaintiff, incarcerated at Georgia State Prison in Reidsville, Georgia, is proceeding *pro se* and *in forma pauperis* ("IFP") in this case brought pursuant to 42 U.S.C. § 1983. Because he is proceeding IFP, Plaintiff's pleadings must be screened to protect potential defendants. Phillips v. Mashburn, 746 F.2d 782, 785 (11th Cir. 1984) (*per curiam*); Al-Amin v. Donald, 165 F. App'x 733, 736 (11th Cir. 2006) (*per curiam*). On May 5, 2021, the Court (1) screened Plaintiff's amended complaint, (2) determined sanctions under Federal Rule Civil Procedure 11 were appropriate because Plaintiff had abused the judicial process by failing to provide truthful information about his prior filing history, and (3) provided fourteen days to show cause why this case should not be dismissed as a sanction for providing false information. (See doc. no. 14.) The Court cautioned Plaintiff his case would

be dismissed without prejudice if he did not timely respond to the show cause order. (See id. at 10.)

The deadline has passed, and Plaintiff has not filed any response to the Court's May 5th Order. Accordingly, the Court **DISMISSES** the case without prejudice as a sanction for providing false information.

Although Plaintiff has not yet filed a notice of appeal, it is appropriate to address these issues now. See Fed. R. App. P. 24(a)(3)(A) ("A party who was permitted to proceed in forma pauperis in the district-court action . . . may proceed on appeal in forma pauperis without further authorization, unless the district court - - before or after the notice of appeal is filed - - certifies that the appeal is not taken in good faith . . . ."). An appeal cannot be taken IFP if the trial court certifies, either before or after the notice of appeal is filed, that the appeal is not taken in good faith. See id.; 28 U.S.C. § 1915(a)(3). Good faith in this context must be judged by an objective standard. See Busch v. Cnty. of Volusia, 189 F.R.D. 687, 691 (M.D. Fla. 1999) (citing Coppedge v. United States, 369 U.S. 438 (1962)). A party does not proceed in good faith when seeking to advance a frivolous claim or argument. See Coppedge, 369 U.S. at 445. A claim or argument is frivolous when, on their face, the factual allegations are clearly baseless or the legal theories are indisputably meritless. Neitzke v. Williams, 490 U.S. 319, 327 (1989); Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993) (*per curiam*). Stated another way, an IFP action is frivolous and, thus, not brought in good faith, if it is "without arguable merit either in law or fact." Napier v. Preslicka, 314 F.3d 528, 531 (11th Cir. 2002); see also Brown v. United States, Nos. CV 407-085, CR 403-001, 2009 WL 307872, at *1-2 (S.D. Ga. Feb. 9, 2009).

Based on the Court's analysis in its May 5th Order and as explained above, there are no non-frivolous issues to raise on appeal, and any appeal would not be taken in good faith. Thus, the Court **DENIES** Plaintiff IFP status on appeal, and **DIRECTS** the **CLERK** to **CLOSE** this case.

SO ORDERED this 3rd day of June, 2021, at Augusta, Georgia.

*/s/ Brian K. Epps*
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA